■ HENRY HOCKER et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 43391.) — HERLIHY, J. Appeal by the claimants from a judgment of the Court of Claims awarding $28,000 for the appropriated lands and consequential damage to the remainder of the residential property. The sole issue on this appeal is whether or not, on the present record, the trial court should have awarded damages based on the value of a natural depression included in the fee taking. The depression was referred to on the trial as a "sump" and was found to be adequate and available for the drainage of so much of the claimants' commercial land as constitutes a 53 acre parcel. The zoning law applicable to this property required that the 53 acre parcel have a self-contained drainage system. The State did not appropriate any of the 53-acre parcel. The claimants offered proof of the value of the property based

upon its highest and best use as zoned and *inter alia* valued the 53 acres at the same valuation both before and after the appropriation. The claimants attempted to show an independent or inherent value of the sump area based on its usefulness for such purpose as if it was a specialty. We agree with the respondent's contention that: "The trial [c]ourt was correct when it determined that a natural depression on the premises was a benefit to an adjoining dominant estate but was not a specialty." There being no claim for consequential damage to the commercial property, the award was limited to directing consequential damage to the residential area. The court further made a finding of fact that "'as a result of the construction of the Expressway there has been a benefit [definitely] to this' 53± acre parcel 'as a result of the geographical setup of the access' from the Expressway to Wheeler Road". There was considerable colloquy between the court and the representative of the Attorney-General as to the responsibility of the State to submit its proof of "just compensation". Subsequently and after consideration of the State's refusal to offer its proof, the court on its own motion in the interest of justice reopened the trial, giving each party the opportunity of presenting testimony *de novo*. On the adjourned date of the trial additional testimony was offered by the parties and thereafter the court rendered its decision. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.